UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Ricardo Gallardo,                      File No. 18-cv-00293 (ECT/HB)

       Petitioner,

v.                                     **ORDER ACCEPTING REPORT AND RECOMMENDATION**

Warden Rios,

       Respondent.

---

Petitioner Ricardo Gallardo commenced this action pro se by filing a petition for a writ of habeas corpus. Pet. [ECF No. 1]. The case is before the Court on a Report and Recommendation [ECF No. 14] issued by Magistrate Judge Hildy Bowbeer. Magistrate Judge Bowbeer recommends denying Gallardo's petition. R&R at 11. Gallardo filed objections [ECF No. 16] to the Report and Recommendation. Subsequently, Gallardo filed a "Motion for Statis, [sic] Disposition and, [sic] Judicial Notice as to the First Step Act." ECF No. 19 ("the Motion"). Because Gallardo objected, the Court is required to review the Report and Recommendation de novo pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.2(b)(3). The Motion will also be considered.

Gallardo received two reductions to his prison sentence, the first pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782 to the United States Sentencing Guidelines and the second pursuant to a Clemency Petition granted by President Obama. Pet. at 9–10. On December 16, 2005, Gallardo was sentenced to a term of imprisonment of 360 months, that term was reduced to 292 months by the sentencing court according to Amendment 782

on October 26, 2015, and that term was further reduced to 240 months based on the August 30, 2016 grant of executive clemency. Johnson Decl. ¶¶ 4, 7, 12–14 [ECF No. 7]. At the crux of Gallardo's objections, he asserts that the final recalculation of his prison sentence did not properly give effect to the grant of executive clemency that he received. Objs. ¶¶ 2–3. Gallardo argues that he requested a 120-month sentence reduction in his Clemency Petition, Objs. ¶ 2; Pet. Ex. D ¶ 5 [ECF No. 1-1], and that the grant of clemency should have been applied to his sentence after it was reduced according to Amendment 782, Objs. ¶¶ 3, 5. While Gallardo requested a 120-month reduction, and the Clemency Petition was granted, it did not award a 120-month reduction to his sentence as he seems to assume. Instead it "commute[d] the total sentence of imprisonment [of Ricardo Gallardo] . . . to a term of 240 months' imprisonment." Johnson Decl. Ex. H at 3 [ECF No. 7-1 at 44]. As Magistrate Judge Bowbeer explains:

> The presidential order did not state, for example, that Gallardo's judicially imposed sentence, whatever it was or might be determined to be, must be reduced by a specific number of years, nor did it require or even suggest that the analysis done a year earlier by the Northern District of Illinois under 18 U.S.C. § 3582 should be redone as against the new 240-month commuted sentence.

R&R at 10. Based on the grant of clemency, the Bureau of Prisons recalculated Gallardo's term of imprisonment to 240 months. Johnson Decl. Ex. I [ECF No. 7-1 at 47–48]. The Court concludes that Magistrate Judge Bowbeer's analysis and conclusions on this issue are correct.

In the Motion, Gallardo requests disposition of his petition as well as judicial notice of the fact that he allegedly is entitled to 105 days of earned good-time credits under the

First Step Act. *Id.* at 1 & ¶ 4. A motion for a sentence reduction under the First Step Act must be filed with the "court that imposed [the] sentence," not in the district of incarceration. First Step Act of 2018, Pub. L. No. 115-391, § 404(b), 132 Stat. 5194, 5222; *see also United States v. Boulding*, 379 F. Supp. 3d 646, 651 (W.D. Mich. 2019) ("Whether to reduce the sentence of an eligible defendant [under the First Step Act] is left to the sentencing court's discretion." (citation omitted)). In this case, the sentencing court is the Northern District of Illinois. Pet. at 2, ¶ 2.

Therefore, based upon all of the files, records, and proceedings in the above-captioned matter, **IT IS HEREBY ORDERED** that:

1. The Objections to the Report and Recommendation [ECF No. 16] are **OVERRULED**;

2. The Motion [ECF No. 19] is **GRANTED** to the extent it seeks disposition of the action and **DENIED** in all other respects;

3. The Report and Recommendation [ECF No. 14] is **ACCEPTED** in full;

4. The Petition [ECF No. 1] is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: July 16, 2019        s/ Eric C. Tostrud
                            Eric C. Tostrud
                            United States District Court